IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br>    Plaintiff,<br><br>v.<br><br>PEORIA COUNTY, ILLINOIS et. al,<br>    Defendant. | Case No. 1:25-cv-01369-JEH-RLH |

### Order

Now before the Court is the Stipulation and Proposed Consent Decree (D. 11) and the Motion for Preliminary Injunction and Supporting Memorandum (D. 5).[1] For the reasons set forth *infra*, the Stipulation and Proposed Consent Decree (D. 11) is denied with leave to amend within thirty days and the Motion for Preliminary Injunction and Supporting Memorandum is denied with leave to renew. (D. 5).

**I**

On September 2, 2025, Plaintiff Human Rights Defense Center ("HRDC") filed a Complaint (D. 1) and Motion for Preliminary Injunction along with Supporting Memorandum. (D. 5). Thereafter, the Defendants sought multiple requests for extensions of time to file a Response to the Motion for Preliminary Injunction which the Court granted. *See* 09/17/2025 Text Order; 10/06/2025 Text

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

Order. On October 17, 2025, HRDC filed a Stipulation and Proposed Consent Decree.[2] (D. 11). The matter is now fully briefed.

## II

When parties reach a settlement and petition the Court to enforce the agreement and retain jurisdiction pursuant to a consent decree, courts generally do so by issuing orders that "serve as an injunction under [Federal Rule of Civil Procedure] 65(d)" according to the terms of the agreement. *See Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 636 (7th Cir. 2006). Indeed, a "consent decree is a court order that embodies the terms agreed upon by the parties as a compromise to litigation." *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). However, the terms of the agreement must comply with the parameters set forth in Rule 65(d). *See Blue Cross & Blue Shield Ass'n*, 467 F.3d at 636. Specifically, the proposed consent decree must "(a) state the reasons why it [should be] issued; (b) state its terms specifically; and (c) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." FED. R. CIV. P. 65(d). Those terms ought to be outlined with care, "Rule 65(d) means that the parties need not guess their obligations at peril of contempt sanctions". *Hisps. United of DuPage Cnty. v. Vill. of Addison*, 248 F.3d 617, 620 (7th Cir. 2001). To satisfy Rule 65, the injunction must be precise enough to allow a "person subject to it who reads it and nothing else [to have] a sufficiently clear and exact knowledge of the duties it imposes on him that if he violates it he can be adjudged guilty of criminal contempt." *PMC, Inc. v. Sherwin-Williams Co.*, 151 F.3d 610, 619 (7th Cir. 1998). Finally, when parties seek dismissal of the action pursuant to either Rule 41(a)(1) or (2), and ask the court to enter a consent decree embodying

---

[2] The Stipulation and Proposed Consent Decree was not filed as Motion. The Court reminds the parties that to the extent a party's filing seeks affirmative relief from the Court, a Motion is more appropriate.

2

the agreement, the decree itself may dismiss the claims.³ *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380–81 (1994). However, those claims may not be dismissed with prejudice. *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002).

In this case, the Court doubts whether the consent decree as proposed is sufficiently precise to meet Rule 65(d)'s criteria. To be sure, the proposal does include terms that purport to rectify the alleged conduct at issue in the case insofar as it requires the Defendants not to refuse certain kinds of mailings, subject to certain conditions like those that pose a threat to safety or security at the jail. (D. 11 at ECF p. 3). Additionally, its terms require the Defendants to provide notice when certain publications are denied, and to provide an administrative review process, among other things. *Id.* at ECF p. 4-5. However, the proposal does not identify what constitutes a breach and what consequence, if any, may follow beyond the threat of contempt. *See* (D. 11). Moreover, the proposal fails to include any temporal limit on the decree. The Court instructs the parties to include a reasonable period after which the consent decree will expire unless a party petitions the Court before its lapse and establishes that good cause exists for the Court to extend its enforcement authority. That is particularly true where, as here, the parties to the lawsuit include state actors such as Peoria County, Illinois, and the Sheriff, among others. "Whatever may be the life expectancy of federal consent decrees, respect for the principle of separation of powers suggests that decrees imposing obligations upon state institutions normally should be enforceable no longer than the need for them." *Kindred v. Duckworth*, 9 F.3d 638, 644 (7th Cir. 1993). "Our federal structure, including the Article III Case or Controversy requirement, does not contemplate federal courts putting units of state or local government

---

³ The proposal does not include any Rule by which the parties seek dismissal of the action.

under what amount to static and permanent consent decrees." *Shakman v. Clerk of Cook Cnty.*, 994 F.3d 832, 943 (7th Cir. 2021).

Finally, the proposal states that nothing "in this Consent Decree is intended to release or waive any claim, cause of action, demand, or defense in law or equity that any party to this Consent Decree may have against any person or entity, not a party to this Consent Decree." *Id.* at ECF p. 6. That kind of ambiguous waiver clause creates the kind of confusion that Rule 65(d) prohibits. *See* FED. R. CIV. P. 65(d). The parties must be precise in "whether the parties' settlement agreement moots some or all of the plaintiffs' claims" related to the instant lawsuit. *Daniels v. Hughes*, 147 F.4th 777, 787 (7th Cir. 2025). "As part of the settlement agreement, [do] the parties waive their right to litigate these claims? If not, what did they intend with respect to these claims?" *Id.*

### III

For the reasons set forth *supra*, the Stipulation and Proposed Consent Decree (D. 11) is denied with leave to amend within thirty days. Furthermore, because the parties have reached an apparent settlement agreement and now petition the Court to enter a consent decree according to its terms, the Motion for Preliminary Injunction and Supporting Memorandum (D. 5) is denied with leave to renew.

*It is so ordered.*

Entered on October 24, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

4