E-FILED
Monday, 08 June, 2026  04:25:49 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| **HUMAN RIGHTS DEFENSE CENTER, a not-for-profit corporation,** | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:25-cv-01369-JEH-RLH |
| **PEORIA COUNTY, ILLINOIS, CHRIS WATKINS, Sheriff, individually and in his official capacity, CARMISHA TURNER, Corrections Superintendent, individually and in her official capacity, BRIAN J. JOHNSON, Assistant Corrections Superintendent, individually, and in his official capacity; and JOHN AND JANE DOES 1-5, Staff, individually and in their official capacities,** | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Upon request of the parties, and the Court being otherwise sufficiently advised,

**IT IS ORDERED HEREIN AS FOLLOWS:**

1.   This matter is scheduled for a settlement conference <u>by video conference</u> before the undersigned on **Wednesday, July 29, 2026, at 10:00 AM.** Zoom instructions are attached to this Order.  Prior to the settlement conference, a pre-settlement conference will be held on **Monday, July 27, 2026, at 10:30 AM** <u>via telephone</u>. The call-in number is 551-285-1373, then enter Meeting ID 16095893703#.

2.    The settlement conference shall be attended by Plaintiffs, Defendants, and the parties' lead trial counsel, all by video.[1]

3.    By no later than the close of business on **July 20, 2026**, each party herein shall advise the undersigned, by separate confidential letter, of the following information:

(a) **Position and Authority on Settlement** – State your client's settlement posture and any prior offers or demands. Identify the individual(s) with ultimate settlement authority who will be present or readily available, including insurer representatives with full authority.

(b) **Factual and Legal Issues** – State your position or interpretation of the key factual issues and the issues of law you believe must be decided by the Court or finder of fact.

(c) **Counsel and Representation** – Identify trial attorney(s) or pro se litigant, and any insurer(s), adjuster(s), or corporate representative(s) with authority.

(d) **Relief Requested / Damages Claimed** – Describe the nature of relief sought and itemize each category of damages. Describe the nature and extent of any injuries, if applicable.

(e) **Confidential Information Affecting Valuation** – Describe any non-public information relevant to valuation and explain why it should remain confidential.

(f) **Strengths and Weaknesses** – Summarize the strengths of your position and the weaknesses, including your opponent's strongest points.

(g) **Discovery Status and Plan** – Outline discovery completed to date and remaining discovery (include estimated number of depositions).

(h) **Litigation Costs** – Estimate total expenses incurred and anticipated through trial, including attorney's fees, expert costs, and other foreseeable expenses.

---

[1] To be clear, only the parties' counsel—not the parties themselves—must attend the pre-settlement conference.

(i) **Ancillary Litigation and Liens** – Identify any related or pending litigation that may affect case value, and list any known liens (medical, attorney, governmental).

(j) **Insurance Coverage** – State policy limits, deductibles, and any amounts already expended toward limits.

(k) **Settlement History** – Summarize settlement discussions, including prior demands and offers, and the date of the last exchange.

(l) **Settlement Valuation Range** – State the value you intend to begin negotiations with and your realistic settlement range, with brief rationale.

(m) **Next Steps if No Settlement** – Identify what remains to be completed before trial and whether additional motions are anticipated.

4.      These separate confidential letters to the undersigned shall be emailed to hanna@ilcd.uscourts.gov.  To facilitate candor, and to protect counsels' work product immunity, the **letter shall not be served upon opposing counsel and shall not be filed**.  The undersigned will maintain the confidentiality of all such correspondence and the information contained therein.

5.   At least fourteen (14) days prior to the conference, the parties shall engage in meaningful settlement discussions which, at a minimum, shall include a reasonable demand by the plaintiff(s) and a reasonable offer by the defendant(s). Failure to make such a demand/offer will result in cancellation of the conference by the Court. During or prior to these discussions, Plaintiff shall provide counsel for Defendant(s) with a written breakdown of any demand for money damages. Likewise, counsel for Defendant(s) shall provide Plaintiff(s) with a written offer and brief statement of reasons for the offer. The settlement discussions should include an identification by each side of the witnesses who will be called at trial, a summary of their anticipated testimony, and a detailed description of any other evidence supporting the party's position with respect to both liability and damages. If a party's settlement position is based in whole or in part upon the opinion of a physician or other expert, such opinion, along with any written report by the physician or expert, shall be disclosed to opposing party.  The parties are encouraged to make a concerted effort to settle the case on their own prior to the formal settlement conference.

ENTERED this **8th day of June, 2026**.

s/ Ronald L. Hanna
U.S. MAGISTRATE JUDGE



# ZOOM CONNECTION INFORMATION FOR

# SETTLEMENT CONFERENCE

# PEORIA

## Judge Hanna

**Participants can log into the video hearing using the Zoom application or go to [https://zoom.com/join](https://zoom.com/join) and enter the Meeting ID and Passcode.**

Mediation Video:
Meeting ID:  160 958 93703

Audio Only:
Phone: 551-285-1373, then enter Meeting ID: 160 958 93703 #